## Case No. 5,615.

### GORDON v. LINDO.

[See Case No. 5,231.]

---

## Case No. 5,616.

### GORDON v. LINDO.

[1 Cranch, C. C. 588.] [1]

Circuit Court, District of Columbia. Dec. Term, 1809.

BAIL—JUDGMENT OBTAINED IN ANOTHER COUNTY.

A resident of Alexandria may be held to special bail in Washington in an action of debt founded upon a judgment in an action of debt in Virginia, in which bail was given; although no previous writ had been issued against the defendant in Alexandria county.

Motion by Mr. Law for defendant, to appear without bail.

1st. Because the defendant is a resident of Alexandria county, and has never resided in this county; and by the law of Maryland (1791, c. 43, § 14) cannot be arrested here until a non est has been returned in Alexandria county.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

2d. Because this is an action of debt upon a judgment in an action of debt in Virginia, in which bail was given. 1 Sell. Pr. 45; Collins v. Powell, 2 Term R. 757; Melan v. Fitzjames, 1 Bos. & P. 138. If this action had been brought in Virginia, he could not have been held to bail. Upon a foreign contract on which the defendant could not in that county be held to bail, no bail can be required here.

3d. Because these suits were brought while other suits for the same cause were pending in Alexandria. Sell. Pr. 50.

Mr. Porter, contra. If the first suit be in a different court, bail shall be given. Davies v. Leckie, Barnes, Notes Cas. 94; Kendal v. Carey, 2 W. Bl. 768. The defendant ought to be put to his plea of abatement on the ground of other actions depending in Alexandria.

THE COURT stopped Mr. Porter on the 1st point; saying it had been decided in the case of Thompson v. Lacy [Case No. 13,965], at March adjourned court, at Washington, 1802, that a resident of Alexandria, arrested here, must give special bail, although no previous writ had been issued against him in Alexandria county; and after further argument THE COURT (nem. con.) ruled the defendant to give special bail; being of opinion,

1. That the act of assembly of Maryland did not apply, inasmuch as there was but one county in this district subject to the law of Maryland. THE COURT had considered the two counties, for several purposes, as two separate states; slaves imported into Washington from Alexandria had been decided to be imported from another state. Process does not run from one county to the other.

2. That the law of practice of England, not to hold to bail in an action on a judgment does not apply, because this is not the jurisdiction under which the original judgment was rendered. The reason of the decisions in England, was the oppression and vexation of holding to bail, a second time, when the plaintiff might have had execution.

3. That the law of Virginia for not holding to bail, being also founded upon the supposed vexation or oppression of twice holding to bail, can only apply to the same jurisdiction.

[See Cases Nos. 5,231 and 5,232.]